UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES DEO HYDE,

    Petitioner,

v.                                            Case No. 1:05-CV-39

KENNETH McKEE,                       HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to the Magistrate Judge's Report and Recommendation dated February 26, 2007, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised the following three grounds for relief in his habeas petition: (1) violation of his right to due process based upon the trial court's failure to instruct the jury on the lesser included offense of involuntary manslaughter, where there was evidence that the death was unintended and resulted from an assault and battery committed without intent to kill or to do great bodily harm; (2) his conviction was obtained without sufficient evidence to establish guilt beyond a reasonable doubt where the evidence showed that he was intoxicated and could not form the necessary intent; and (3) violation of his Sixth Amendment right to the effective assistance of trial counsel where his counsel failed to object to the admission of Ms. Harig's autopsy photographs, failed to object to the admission of evidence that was removed from the crime scene a week after the crime, and "pleaded" Petitioner guilty without Petitioner's consent.

Regarding ground 1, the magistrate judge concluded that the Michigan Court of Appeals' resolution of the claim was neither contrary to, nor an unreasonable application of, clearly established federal law because the evidence did not support an instruction for involuntary manslaughter. The magistrate judge concluded that ground 2 should be rejected because there was sufficient evidence to sustain Petitioner's conviction of second-degree murder. Finally, the magistrate judge concluded that Petitioner's trial counsel was not constitutionally deficient in failing to object to the admission of the photographs, Ms. Harig's shirt, and Petitioner's watch and that trial counsel's decision to concede that Petitioner likely delivered the fatal blows but argue that Petitioner lacked the requisite intent because of his intoxication was sound trial strategy in light of the evidence.

In his objection, Petitioner specifically addresses only grounds 1 and 3. Having conducted a *de novo* review of the report and recommendation on these two grounds, the Court concludes that the report and recommendation should be adopted.

The bulk of Petitioner's objection relates to ground 3, Petitioner's claim that his trial counsel was ineffective. Petitioner contends that his counsel failed to object to the evidence on various grounds, failed to call any expert witness to refute the prosecution's expert witness (who testified that the blood on the shirt was Ms. Harig's blood and that cellular matter on Petitioner's watch contained both Ms. Harig's and Petitioner's DNA), and did no pre-trial investigation. Whether Petitioner's counsel raised the same arguments that Petitioner would have raised is not the issue. The issue is whether his counsel was ineffective, and Petitioner has offered no persuasive reason to conclude that she was not. As the magistrate judge noted, the photographs and other evidence were properly admitted, and the Michigan Court of Appeals' determinations on those issues were

consistent with *Strickland v. Washington*, 466 U.S. 668 (1984). Moreover, this Court agrees with the magistrate judge and the Michigan Court of Appeals that the photographs were relevant to the issue of Petitioner's intent and that there was no meritorious basis for Petitioner's counsel to object to the admission of the shirt and the watch.

Regarding ground 1, Petitioner contends that the trial court should have given the involuntary manslaughter instruction because the evidence was consistent with the victim falling down. Petitioner contends that Ms. Harig could have suffered the fatal injuries because of a medical condition rather then Petitioner beating her. However, as the magistrate judge noted, the evidence was such that if the jury chose to believe that Defendant beat Ms. Harig and that such beating caused the fatal injuries (as opposed to being caused by an accidental fall), the evidence would not support a charge for involuntary manslaughter because it showed a severe and prolonged beating and not an accidental injury. Accordingly, the magistrate judge properly rejected this ground.

Finally, Petitioner references ground 2, but he fails to provide any argument on that issue. In any event, the Court concludes that the magistrate judge's recommendation in that issue is correct.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 26, 2007 (docket no. 25) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objection (docket no. 26) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

Dated:  September 4, 2007                           /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE